# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PRICILLA THRASHER, | CASE NO. 1:16-cv-2684 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | **MEMORANDUM OPINION AND ORDER** |
| DEFENDANT. | |

Before the Court is plaintiff's motion for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Doc. No. 20.) Defendant filed a response, indicating that there is no objection to an EAJA award, provided plaintiff owes no outstanding debt to the government. (Doc. No. 21.) For the reasons and in the manner set forth herein, plaintiff's unopposed motion is granted.

## I. BACKGROUND

On November 3, 2016, plaintiff filed this action seeking judicial review of defendant's denial of her application for Supplemental Security Income Benefits and Disability Insurance Benefits. On November 17, 2017, the assigned magistrate judge issued a Report and Recommendation ("R&R") that the Commissioner's decision should be vacated and the case remanded for further proceedings. The Commissioner indicated that she had no objection to that recommendation and, on December 4, 2017, the R&R was adopted, remanding the case. The instant motion followed wherein plaintiff, with supporting documentation, seeks an EAJA award

in the amount of $3,874.15. Defendant does not oppose the request, provided any debt to the government is satisfied first.

## II. DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute here that the government's position was not substantially justified and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015), *report and recommendation adopted sub nom Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'").

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted by plaintiff's counsel shows 20.50 hours of legal services (2.60 hours performed during 2016, and 17.90 hours performed during 2017-18), including the typical legal services of reviewing the administrative record, reviewing medical records, telephone calls, briefing, reviewing court orders, and the like. The Court finds both the amount and the nature of these legal services to be reasonable.

Plaintiff's counsel indicates billing rates of $186.32/hour and $189.37/hour for 2016 and 2017-18, respectively. These rates are an upward departure from the $125.00 statutory cap. It is common, although not required, to adjust the statutory hourly rate to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n. 4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living … justifies a higher fee.") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost of living increase).

The rates proposed by counsel comport with the measure of inflation in this geographic region (*i.e.*, the "Midwest Urban" Consumer Price Index ("CPI")).[1] *Crenshaw v. Comm'r of Soc. Sec.*, No. 1:13CV1845, 2014 WL 4388154, at *3 (N.D. Ohio Sept. 5, 2014) (collecting cases).

In light of these facts and calculations, the Court finds that the $3,874.15 stipulated award is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). This award will be in full satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by plaintiff to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Defendant is directed to determine, within 30 days from the date of this order, whether plaintiff owes any pre-existing debt to the United States, to offset any such debt against the award granted herein, and to generate an invoice for any balance that directs the Department of Treasury

---

[1] *See* Motion at Page ID# 1287, n.1.

to pay that balance to plaintiff's attorney pursuant to the attorney's fee assignment duly signed by plaintiff and her counsel. (*See* Doc. No. 20-8.)

## III. CONCLUSION

For the reasons set forth herein, plaintiff's unopposed motion for an award of EAJA attorney fees pursuant to 28 U.S.C. § 2412 in the amount of $3,874.15 is granted, and the amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: January 17, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**